### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN
### MISCELLANEOUS ACTION NO. 1:08MC-5-R

**MICHAEL WAYNE LONG**                                                    **MOVANT**

*v.*

**COMMONWEALTH OF KENTUCKY**                                      **RESPONDENT**

### MEMORANDUM AND ORDER

Movant Michael Wayne Long filed a motion with the Court requesting it "to subpoena and compel the return testimony and sua sponta production of documents or other items" under 28 U.S.C. § 1783 (DN 1).  He alleges that during his Logan Circuit Court proceedings the Commonwealth Attorney lied and made a false declaration before the grand jury and, therefore, asks the Court to subpoena any documents and any person who appeared before the grand jury and testified as a witness in the 1978 action.  Movant also filed an application to proceed without prepayment of fees.  The application (DN 3) is **GRANTED** for the purposes of this miscellaneous action.  Movant later filed a motion to amend (DN 4), which is **GRANTED**.  In the amendment, Movant seeks the same request and raises the same arguments as in his initiating motion.

The statute to which Movant cites as the basis of his motion is 28 U.S.C. § 1783.  Under that statute,

> A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that the particular testimony or the production of the document or other thing by him is necessary in the interest of justice, . . . .

This statute does not offer Movant the relief he requests.  First, Movant does not identify any witness who is located in a foreign country.  Second, the subpoenaing of participants and documents from Movant's 1978 Logan Circuit Court case is not in the interest of justice, as he has already raised challenges to that conviction, including the grand jury issue, by way of numerous 28 U.S.C. § 2254 actions filed in this Court.  His grand jury argument has been considered by this Court and deserves no further review.

Accordingly, **IT IS ORDERED** that the motion for subpoena under 28 U.S.C. § 1783 (DN 1) and its amendment (DN 4) are **DENIED**.

**IT IS FURTHER ORDERED** that all other motions are **DENIED**.

Date: July 14, 2008

**Thomas B. Russell, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
4413.005

2